**Mario GARCIA–HERRERA, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 05–73857.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Sept. 28, 2007.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

\*\* The panel unanimously finds this case suit-

Matthew G. Ball, Esq., Kirkpatrick & Lockhart, Nicholson Graham, LLP, San Francisco, CA, Jesus A. Macias, Esq., Houston, TX, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Gjon Juncaj, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Mario Garcia–Herrera, a native and citizen of Mexico, petitions for review of the Legalization Appeals Unit's ("LAU") order dismissing his appeal from the former Immigration and Naturalization Service's ("INS") denial of his application for legal temporary residence as a Special Agricultural Worker ("SAW") under 8 U.S.C. § 1160. We have jurisdiction to review the denial of a SAW application pursuant to 8 U.S.C. § 1160(e)(3). We will reverse a decision of the LAU where it abuses its discretion or makes findings that are con-

able for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trary to clear and convincing facts contained in the record considered as a whole. *See Perez–Martin v. Ashcroft*, 394 F.3d 752, 758 (9th Cir.2005); *see also* 8 U.S.C. § 1160(e)(3)(B). Garcia–Herrera also petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judges's denial of his application for cancellation of removal. We deny in part and dismiss in part the petition for review.

■ Contrary to Garcia–Herrera's contention, the LAU did not fail to apply the correct burden-shifting scheme in denying his SAW application. If the government negates a SAW applicant's initial qualifying evidence, the applicant "is required to provide [ ] enough evidence so that the evidence before the adjudicator, viewed as a whole, is 'sufficient ... to show [qualifying] employment as a matter of just and reasonable inference.' " *Perez–Martin*, 394 F.3d at 760 (quoting 8 U.S.C. § 1160(b)(3)(B)(iii)). Garcia–Herrera submitted a SAW application, supported by an affidavit by Anna Wickersham, to satisfy his initial burden. In rebuttal, the government submitted evidence that Anna Wickersham and her husband were indicted for fraud and admitted to employing only thirty full-time laborers during the relevant period, and Garcia–Herrera was not one of them. Garcia–Herrera failed to provide rehabilitative evidence within the thirty days allowed by the INS. Instead, with his appeal to the LAU, Garcia–Herrera submitted an affidavit from an acquaintance, confirming his employment with the Wickershams. The LAU reviewed all the evidence, and acted within its discretion and consistent with the record as a whole in finding no qualifying employment "as a matter of just and reasonable inference."

■ We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft*, 327 F.3d 887, 890–91 (9th Cir.2003), and Garcia–Herrera does not raise a colorable due process claim regarding his application for cancellation of removal, *see Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**